UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LABOR READY NORTHWEST, INC.,
a Washington corporation,

Plaintiff,

v.

DIALLO CRAWFORD, on his own behalf and on behalf of all person similarly situation,

Defendant.

Civil No. 07-1060-HA

OPINION AND ORDER

---

HAGGERTY, Chief Judge:

Plaintiff Labor Ready Northwest (LRNW) moves to vacate [2] the Clause Construction Award issued by Arbitrator Thomas Brewer on June 20, 2007. Defendant Diallo Crawford moves to confirm the arbitration award [14]. For the following reasons, plaintiff's motion [2] is denied and defendant's motion [14] is granted.

## I. BACKGROUND

Defendant's arbitration demand alleges Oregon state law wage and hour claims against LRNW on behalf of himself and a proposed class. LRNW operates in Alaska, Hawaii, Idaho, Montana, Oregon and Washington and is one of several subsidiaries of Labor Ready, Inc. Another subsidiary relevant to this case is Labor Ready Mid-Atlantic, Inc. (LRMA), operating in North Carolina.

On January 3, 2001, defendant applied for employment at LRNW by filling out an application for employment (2001 Employment Application). The 2001 Employment Application provides, in part:

> I agree that any disputes arising out of my employment, including any claims of discrimination, harassment or wrongful termination that I believe I have against Labor Ready and all other employment related issues (excluding only claims arising under the National Labor Relations Act or otherwise within the jurisdiction of the National Labor Relations Board) will be resolved by arbitration as my sole remedy. The arbitration shall be conducted by the American Arbitration Association under its Commercial Arbitration Rules and the decision of the arbitrator shall be final and binding. I understand that Labor Ready also agrees to arbitrate in the same manner any claims which the company believes it has against me.

Hollister Decl. ¶ 5, Ex. 4 at 3. In January 2005, defendant applied for employment with LRMA in North Carolina. On January 6, 2005, defendant signed a second Labor Ready application for employment (2005 Employment Application). Defendant's 2005 Employment Application provides, in part:

> I agree that any disputes arising out of my application for employment or employment that I believe I have against Labor Ready or its agents or representatives, including, but not limited to, any claims related to wage and hour laws, discrimination, harassment or wrongful termination, and all other employment related issues will be resolved by final and binding arbitration as my sole and exclusive remedy. Where permitted by law I further agree to bring any disputes I may have as an individual and I waive any right to bring or join a

> class action. I acknowledge that my dispute will be decided by a neutral arbitrator and not by a judge or jury. The arbitration shall be conducted by the American Arbitration Association under its Emplolment Arbitration Rules. The decision of the arbitrator shall be final and binding. I understand that Labor Ready also agrees to arbitrate in the same manner any claims which the companybelieves it has against me and Labor Ready will pay for the arbiter's fees where required by law. This agreement is enforceable under the Federal Arbitration Act.

Hollister Decl. ¶ 5, Ex. 4 at 4.

On October 17, 2006, defendant filed a demand for arbitration, and the matter was set for a clause construction hearing. On June 20, 2007, the arbitrator issued his Clause Construction Award. The relevant questions before the arbitrator were (l) whether the arbitration provisions contained in the 2001 or 2005 Employment Application applied to the dispute; and (2) whether the 2005 Employment Application's class action bar was enforceable under Oregon law. The arbitrator found that the arbitration provision contained in the 2001 Employment Application, and not the provision contained in the 2005 Employment Application, governed the parties' dispute. The arbitrator also found the arbitration provision contained in the 2005 Employment Application was substantively unconscionable, and thus, unenforceable.

## II. ANALYSIS

### A. Standard of Review

Under the Federal Arbitration Act, a district court may vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption on the part of the arbitrators; (3) where the arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. While the court cannot review the merits of arbitration awards, the Ninth Circuit has "adopted a narrow 'manifest disregard of the law' exception under which a procedurally proper arbitration award may be vacated." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007). To vacate an arbitration award under this exception, the "moving party must show that the arbitrator understood and correctly stated the law, but proceeded to disregard the same." *Id.* (internal quotation omitted). But, an arbitrator's erroneous interpretation of the law is not sufficient to reverse an arbitration award. *Id.* "Manifest disregard of the law means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co,* 44 F.3d 826, 832 (9th Cir. 1995) (internal quotation omitted). "Moreover, to rise to the level of manifest disregard '[t]he governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable.'" *Collins*, 505 F.3d at 879-80 (quoting *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004)). While the court may conduct a very limited review of an arbitrator's legal conclusions, factual findings are not subject to the manifest disregard standard. *See Coutee v. Barington Capital Group, L.P.*, 336 F.3d 1128, 1133 (9th Cir. 2003) ("Manifest disregard of the facts is not an independent ground for vacatur in this circuit.").

**B. Discussion**

Plaintiff asserts that the arbitrator erred in finding that (1) the 2005 Employment Application does not apply to this dispute, (2) the 2005 Employment Application is not retroactive, and (3) the class action bar in the 2005 Employment Application is not enforceable.

**1. Applicability of the 2005 Employment Application**

The arbitrator found that the 2005 Employment Application ran from defendant to LRMA, and that LRNW was not a party to the agreement. Plaintiff argues that the arbitrator ignored the language of the arbitration clause contained in the 2005 Employment Agreement, which requires defendant to arbitrate disputes "against Labor Ready or its agents or representatives."

The arbitrator applied principles of contract interpretation in finding that LRNW was not a party to the 2005 Employment Agreement. In identifying what corporate party or parties were referred to by the name Labor Ready, the arbitrator relied on several facts. The first sentence of the 2005 Employment Agreement provides: "I understand my employer is the Labor Ready subsidiary indicated on my pay check or pay stub." The arbitrator also noted that defendant signed the 2005 Employment Agreement while residing in North Carolina, where LRMA operates, not LRNW. LRNW does not operate east of Montana. From this, the arbitrator concluded that LRMA was the employer referenced in the 2005 Employment Agreement. The arbitrator explained that while courts have found that generic, corporate-wide employment applications will follow a party to whichever corporate location they are employed, the language of the 2005 Employment Application was specific to LRMA, not Labor Ready, Inc. Considering that the arbitrator identified the relevant law and applied it to the facts of this dispute, there is no basis for this court to find that the arbitrator's decision was a manifest disregard of the law. *See Mich. Mut. Ins. Co.*, 44 F.3d at 832.

**2. Retroactivity of the 2005 Employment Application**

In rejecting the applicability of the 2005 Employment Application to this dispute, the arbitrator alternatively found that the 2005 Employment Agreement was not retroactive to defendant's claims arising prior to January 6, 2005.

Plaintiff argues that based on the agreement's provision that the agreement "shall apply to my initial application for employment, my first job assignment and all subsequent job assignments," the 2005 Employment Application retroactively applies to defendant's employment with LRNW four year previously.

The arbitrator considered LRNW's construction of the phrase "my initial application," but rejected it as "an unnatural and forced construction of the contract language." As explained above, the arbitrator's interpretation of the contract will only be overturned by a showing of manifest disregard of the law. The arbitrator's consideration of plaintiff's position, and ultimate rejection of that interpretation, does not rise meet that standard.

**3. Enforceability of the Class Action Bar in the 2005 Employment Application**

The arbitrator found that the 2005 Employment Agreement's class action bar was unenforceable because the contract provision was unconscionable under Oregon law.

Plaintiff argues that the arbitrator's holding manifestly disregards well-established Oregon law by not adequately addressing the effect of the class action bar on putative class members.

Oregon law only requires substantive unconscionability for a contract provision to be held unconscionable, although both procedural and substantive unconscionability are relevant. *Vasquez-Lopez v. Beneficial Oregon, Inc.*, 152 P.3d 940, 948 (Or. Ct. App. 2007). *Vasquez-*

*Lopez* also holds that in undergoing unconscionability analysis, "each case is decided on its own unique facts." *Id.* In striking the class action bar in this dispute, the arbitrator gave a lengthy analysis of *Vasquez-Lopez*. The arbitrator observed that the central question left open by the court in *Vasquez-Lopez* was whether a class action bar would be unconscionable even when no evidence of procedural unconscionability existed. The arbitrator noted several recent cases interpreting *Vasquez-Lopez* in finding that the class action bar in this case was unconscionable because of its effect on the potential class members. The arbitrator focused on the fact that the putative class members were temporary workers, and were therefore unlikely to bring individual claims for small sums of money.

Plaintiff has not shown that the arbitrator manifestly disregarded the law in finding unconscionable the class action bar. The arbitrator carefully considered the relevant Oregon law regarding unconscionability and applied it to the facts of this case in concluding that the class action bar contained in the 2005 Employment Application was unenforceable. Accordingly, the court confirms the arbitration award.

**III. CONCLUSION**

Based on the foregoing, plaintiff's Motion to Vacate Arbitration Award [2] is DENIED, and defendant's Motion to Confirm Arbitration Award [14] is GRANTED.

IT IS SO ORDERED.

DATED this 21 day of April, 2008.

/s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge